UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATALI LILIANO DELGADO, et al., <br><br> Defendants. | No. 2:19-cv-02033-MCE-CKD <br><br> FINDINGS AND RECOMMENDATIONS AND ORDER |

Plaintiff, Innovative Sports Management Inc. d/b/a/ Integrated Sports Media, has the "exclusive nationwide commercial distribution (closed-circuit) rights to *Chile v. Peru International Friendly Soccer Game*, telecast nationwide on Friday, October 12, 2018" ("the Program"). (ECF No. 1 ¶ 16.) Plaintiff's complaint alleges that defendants, Natali Liliano Delgado, individually and d/b/a La Huaca Restaurant, and Pyramid Investment, an unknown business entity d/b/a La Huaca Restaurant, unlawfully intercepted the Program and showed it in their business establishment to customers. (Id. at ¶ 19.) Plaintiff seeks a default judgment. (ECF No. 9.) Plaintiff served the notice and motions on defendants. (ECF No. 9 at 4.) Defendants did not respond. The court has determined that oral argument would not be of material assistance pursuant to Local Rule 230(g).

////

1

I.     BACKGROUND

Plaintiff initiated this action on October 9, 2019, alleging violations of the Communications Act of 1934, as amended, Title 47 U.S.C. §§ 553 and 605, et. seq.; Copyright Infringement, Title 17 U.S.C. § 106; Conversion; and Cal. Bus & Prof. Code § 17200.  (ECF No. 1.)  On November 5, 2019 plaintiff filed proofs of service as to defendants Delgado and Pyramid Investment LLC. (ECF Nos. 5, 6.)

On February 7, 2020 the Clerk entered a default against both defendants. (ECF No. 8.) On May 13, 2020, plaintiff filed the current application for a default judgment against both defendants. ECF No. 9.  The defendants failed to respond, and on June 10, 2020, were directed by the court to file an opposition or statement of non-opposition by July 17, 2020. (ECF No. 10.) Defendants were warned that "failure to timely file an opposition may result in a recommendation that default be entered against [them]." Id. Defendants have not responded.

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

/////

2

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III. ANALYSIS

A.  The Merits

1.  47 U.S.C. § 605

Given defendants' complete failure to participate in this lawsuit, the only Eitel factors that need real discussion here are the merits of the claim, including the sufficiency of the complaint, and the sum of money at stake in the action. There is no "prejudice" to defendants from granting the default judgment as they have been given the opportunity to participate in the lawsuit. There is no dispute regarding the events at issue; defendants did not answer, respond to the motion for default judgment, or otherwise appear to contest plaintiff's allegations. Defendants have offered no excuse for their lack of participation, and the case cannot be tried without defendants' participation.

Plaintiff seeks entry of default judgment on its claim for violation of 47 U.S.C. § 605(a). The complaint alleges that Plaintiff held the exclusive right to broadcast the Program. Complaint ¶ 16. It further alleges that defendants unlawfully intercepted the broadcast of the Program and showed it at their commercial establishment in Roseville, California located at 9213 Sierra

3

College Blvd., Suite 140, Roseville, California 95661, willfully and for increased profits for that establishment. Complaint ¶¶ 19-20. These facts, taken as true pursuant to TeleVideo and Geddes, establish defendants' violation of 47 U.S.C. § 605, and plaintiff's entitlement to statutory damages.

Plaintiff does not allege any amount of actual damages in its complaint, and in its brief for default judgment, plaintiff elects to seek only statutory damages. Application for Default Judgment ("Motion") at 13-15. Plaintiff argues that the statute is intended to deter this type of "piracy." Motion at 14-12.[1] Accordingly, plaintiff seeks "$5,000 in statutory damages and $20,000 in enhanced statutory damages, for a total statutory award of $25,000." Id.

District courts consider many factors in assessing statutory damages under the Communications Act. Courts should assess an amount sufficient to deter but not so great as to destroy the defendant business. See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). The amount of money the defendant would have had to pay the plaintiff to broadcast the program lawfully is also relevant. Id. An enhanced statutory damages award may be warranted where the defendant engaged in promotional advertising or charged a premium for food or drinks. J & J Sports Productions, Inc. v. Sorondo, 2011 WL 3917391 at *4 (E.D. Cal. 2011) (Snyder, M.J.). It is also relevant whether the customers were present primarily to watch the broadcast or had come for another purpose while the program was being aired, and whether the defendants were "repeat offenders." Id. The statutory maximum award is inappropriate "in the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight." Don King Productions/Kingvision v. Maldonado, 1998 WL 879683 (N.D. Cal. 1998). In past cases, the undersigned and other magistrate judges in this district have considered and weighed some or all of these factors and have recommended awards of statutory damages according to the totality of the relevant circumstances.[2]

---

[1] The court notes that the statute not only creates a private right of action for the aggrieved party, it also makes such piracy a felony, punishable by $50,000 and 2 years in prison for the first offense. See 47 U.S.C. § 605(e)(2) (if done for commercial or private financial gain).

[2] See, e.g., J & J Sports Productions, Inc. v. Valencia, 2014 WL 2918884 (E.D. Cal. 2014) (Claire, M.J.) (in similar circumstances, recommending statutory damages of $5,000, and no

Here, plaintiff attests that defendants would have had to pay $1,000 to broadcast the Program lawfully.  Motion at 16.  Plaintiff has submitted an affidavit from its investigator who visited defendants' establishment the night of the Program. (ECF No. 9-4.)  The affidavit establishes that there was no cover charge on the night of the broadcast; the establishment had two televisions (one approximately 48" and one approximately 32") showing the Program; the capacity of the establishment is about 50 people; and between 20-25 patrons were present. Id.

In considering the plaintiff's request for enhanced statutory damages, the court focuses on the following facts: there was no cover charge, there is no evidence of promotional advertising or repeat offender status, and there is no evidence that defendants charged a premium for drinks or food in relation to the broadcast.  In other words, the evidence does not establish that defendants acted for commercial or financial gain.  Accordingly, enhanced statutory damages are not appropriate.

Having weighed all the above factors, the undersigned will recommend granting plaintiff's request for statutory damages of $5,000, but will recommend denying the request for enhanced statutory damages of $20,000.

### 2. 47 U.S.C. § 553

Plaintiff states a claim under § 553 but acknowledges that it may only recover under one section of the Communications Act and makes its argument for damages under § 605.  (ECF No. 9-8 at note 1.) The undersigned will therefore recommend no damages under this provision.

/////

/////

---

enhanced statutory damages); J & J Sports Productions, Inc. v. Torres, 2013 WL 417748 (E.D. Cal. 2013) (Claire, M.J.) (in similar circumstances, but where defendant was alleged to be a serial repeat offender, recommending statutory damages of $5,000.00 and enhanced damages of $25,000); J & J Sports Productions, Inc. v. Rodriguez, 2010 WL 796942 (E.D. Cal. 2010) (Drozd, M.J.) (in similar circumstances, recommending combined statutory and enhanced damages totaling $5,000); see also, Joe Hand Promotions, Inc. v. Carranza, 2009 WL 4254460 (E.D. Cal. 2009) (Beck, M.J.) (where plaintiff's investigator found the establishment had "approximate capacity of 250 persons," was located in "a relatively urban city," had "nine flat LCD televisions and one big screen projector," and had a "$10.00 cover charge," recommending $10,000.00 in statutory damages and an additional $90,000.00 in enhanced damages).

5

      3. <u>Conversion</u>

Plaintiff also brings a cause of action for conversion. In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." <u>Greka Integrated, Inc. v. Lowrey</u>, 133 Cal. App. 4th 1572, 1581 (2005) (internal quotation marks omitted); <u>see</u> also <u>G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.</u>, 958 F.2d 896, 906 (9th Cir. 1992). "Because conversion is a strict liability tort, questions of the defendant's good faith, lack of knowledge, motive, or intent are not relevant." <u>Gilman v. Dalby</u>, 176 Cal. App. 4th 606, 615, n. 1 (2009). Exclusive right to distribute a broadcast signal to commercial establishments constitutes a "right to possession of property" for purposes of conversion. <u>See</u> <u>Don King Prods./Kingvision v. Lovato</u>, 911 F. Supp. 419, 423 (N.D. Cal. 1995); <u>see also</u> <u>DIRECTV, Inc. v. Pahnke</u>, 405 F. Supp. 2d 1182, 1189 (E.D. Cal. 2005) (concluding that the "right to distribute programming via satellite" constituted a "right to possession of personal property" for purposes of a conversion claim under California law).

Plaintiff seeks actual damages for defendant's alleged tortious act of conversion in the amount of $1,000, which consists of the fee that defendant would have had to pay to plaintiff in order to lawfully broadcast the Program through a contractual sublicense. The undersigned will not recommend an award of damages with respect to plaintiff's conversion claim. The statutory damages provisions at issue serve not only a deterrent function, <u>see</u> <u>J & J Sports Prods. v. Orellana</u>, 2010 WL 1576447, at *3 (N.D. Cal. Apr.19, 2010) (unpublished), but also a compensatory function, which is evidenced by provisions that permit the award of statutory damages or actual damages in a civil action. <u>See</u> 47 U.S.C. § 605(e)(3) (C)(I); 47 U.S.C. § 553(c)(3)(A)(i). Here, the recommended award of statutory damages in the amount of $5,000 sufficiently compensates plaintiff, and this case does not present a set of circumstances where an additional award might be warranted. Accordingly, the undersigned will recommend that plaintiff be awarded no damages on its conversion claim.

/////

        4.      <u>Sum of Money at Stake</u>

Plaintiff requests statutory and enhanced statutory damages totaling $60,000, less than the maximum available under the Communications Act, as well as $1,000 in conversion damages, plus costs and reasonable fees as mandated by § 605.  As discussed above, the court declines to recommend enhanced statutory damages or conversion damages, but finds that the damages are well-related to the violations of law at issue and not excessive in light of the venue and event description. The sum of money at stake therefore weighs in favor of default judgment.

        5.      <u>Attorney's Fees</u>

Plaintiff requests fourteen days from the entry of judgement to submit its motion for costs and attorney's fees.  That request will be granted.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 9) be granted;
2. The court enter judgment against defendants on plaintiff's claims brought pursuant to 47 U.S.C. § 605(a);
3. The court award statutory damages in an amount of $5,000.00 to plaintiff; and
4. This case be closed.

IT IS ALSO HEREBY ORDERED THAT:

1. Plaintiff shall forthwith serve copies of this order and findings and recommendations on defendants by U.S. mail at their last-known addresses.
2. Within fourteen (14) days from the entry of judgment plaintiff shall submit its motion for costs and attorney's fees.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

1 | objections.  The parties are advised that failure to file objections within the specified time may
2 | waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
3 | Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
4 | Dated:  November 10, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE